UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GREGORY CLIFFORD PAIGE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No.  C06-5042 RJB<br>             (CR92-1781 RJB)<br><br>**ORDER ANSWERING MOTION FOR CLARIFICATION; ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY; AND ORDER DENYING MOTION TO WITHDRAW HABEAS PETITION** |

This matter comes before the court on petitioner's Motion for Clarification (Dkt. 10), Motion for a Certificate of Appealability (Dkt. 12), and Motion to Withdraw Habeas Petition (Dkt. 13).  The court has considered the relevant documents and the file herein.

**PROCEDURAL HISTORY**

On May 12, 1993, pursuant to the terms of a plea agreement, petitioner pled guilty to (1) possession with intent to distribute cocaine, in violation of Title 21, United States Codes, Section 841(a)(1) and (b)(1)(A), and (2) premeditated homicide, in violation of Title 18, United States Code, Section 1111. Under the plea agreement, Count 1 carried a term of not less than 10 years or more than life, and Count 2 carried a mandatory term of imprisonment for life.  Petitioner signed his plea agreement, as did his attorney, and the court reviewed its terms during the plea colloquy in open court.  On May 12, 1993, immediately following his guilty pleas, petitioner was sentenced to life in prison.

ORDER
Page - 1

On May 16, 2005, approximately 12 years later, petitioner filed a Notice of Appeal with the Ninth Circuit Court of Appeals, which was dismissed for lack of jurisdiction (as untimely) on August 4, 2005. CR92-1781, Dkt. 162.  On January 17, 2006, petitioner filed a motion in district court under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, arguing–among other things–that the time for filing his habeas petition had been extended by *United States v. Booker*, 125 S.Ct. 738 (2005).  C06-5042RJB, Dkt. 1.  On April 18, 2006, the court issued an order denying petitioner's motion and dismissing this case.  Dkt. 8.  Petitioner has filed the following three new motions with the court: Motion for Clarification (Dkt. 10), Motion for a Certificate of Appealability (Dkt. 12), and Motion to Withdraw Habeas Petition (Dkt. 13).  Each motion will be discussed in turn below.

## STANDARD FOR GRANTING CERTIFICATE OF APPEALABILITY

The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).  To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a habeas petitioner must make a showing that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  When the Court has rejected the constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. at 484.

## DISCUSSION

### A.   PETITIONER'S MOTION FOR CLARIFICATION

On May 3, 2006, the court received a letter from petitioner asking why his recent habeas petition was denied.  Dkt. 10.  Specifically, petitioner stated the following in his letter: "... you stated that the Ninth Circuit Court of Appeals dismissed [my appeal] as untimely on September 2, 2005 ... but in all actuality the Ninth Circuit never dismissed my appeal as untimely, but dismissed it for lack of jurisdiction." *Id.* at 1.  In response, the court would like to point out that the terms "untimely" and "lack of jurisdiction" essentially mean the same thing in this instance.  Because petitioner waited for approximately 12 years before filing an appeal, the Ninth Circuit Court of Appeals dismissed his case for lack of jurisdiction *because* his case was

ORDER
Page - 2

untimely filed. CR92-1781, Dkt. 162. Moreover, the court has already adequately addressed its reasons for dismissing petitioner's recent habeas petition in its Order Dismissing Case. C06-5042RJB, Dkt. 8. The court invites petitioner to seek legal counsel if he has any further questions regarding his rights in this matter.

### B.   PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY

On June 5, 2006, petitioner filed a Notice of Appeal regarding the denial of his recent habeas petition. Dkt. 11. In order for the appeal to proceed, this court must first issue a certificate of appealability. *See* 28 U.S.C. § 2253; *United States v. Asrar*, 116 F.3d 1268 (9th Cir. 1997). The court will construe a notice of appeal of a final order in a habeas proceeding as a petition for a certificate of appealability under 28 U.S.C. § 2253.

When issuing its order denying petitioner's habeas petition, the court carefully reviewed the record and determined that petitioner's claims did not warrant habeas relief. Dkt. 8. In his request for a Certificate of Appealability, Petitioner raises the same claims that were carefully reviewed by the court and found to be without merit. Moreover, petitioner has not shown that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. Therefore, petitioner's request for a Certificate of Appealability should be denied because petitioner has not shown that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" that resulted in the dismissal of his habeas petition. *See Slack v. McDaniel*, 529 U.S. at 484; *see also* 28 U.S.C. § 2253(c).

### C.   PETITIONER'S MOTION TO WITHDRAW HABEAS PETITION

On June 19, 2006, petitioner filed a motion to withdraw his habeas petition. Dkt. 13(1). In his motion, petitioner requests that the court withdraw his initial habeas petition (Dkt. 1), and replace it with his supplemental brief to his habeas petition (Dkt. 4). Essentially, petitioner is asking the court to set aside its recent order dismissing petitioner's habeas petition, and to issue a new order based on the issues raised in petitioner's supplemental brief. The court, however, took both of these briefs into consideration when issuing its order denying petitioner's habeas petition. Dkt. 8. Therefore, petitioner's motion to withdraw (and/or substitute) his habeas petition should be denied.

**ORDER**

Therefore, it is hereby

**ORDERED** that petitioner's Motion for a Certificate of Appealability (Dkt. 12) and Motion to Withdraw Habeas Petition (Dkt. 13) are **DENIED**.

The Clerk is directed to send uncertified copies of this order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 5th day of July, 2006.

_____
Robert J. Bryan
United States District Judge